VIRGINIA: IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| ROBERT ASHTON,<br>      **Plaintiff**<br>v.<br><br>JAMES C. JUSTICE COMPANIES, INC.<br>Registered Agent<br>CT Corporation System<br>4701 Cox Road<br>Suite 285<br>Glen Allen, Virginia 23060-0000<br><br>and<br><br>WINTERGREEN PARTNERS, INC.<br>Registered Agent<br>CT Corporation System<br>4701 Cox Road<br>Suite 301<br>Glen Allen, Virginia 23060-6802<br><br>      **Defendants** | Case No.: 7:17CV544 |

## COMPLAINT

Comes now the plaintiff, Robert Ashton ("Mr. Ashton"), and states the following in support of his Complaint against Wintergreen Partners, Inc. ("WPI") and James C. Justice Companies, Inc. ("Justice"):

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq., and is brought to obtain relief under Section

502 of ERISA, 29 U.S.C. § 1132.

2.	This Court has subject matter jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.	Venue lies in the Western District of Virginia pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## THE PARTIES

4.	The Wintergreen Partners, Inc. Supplemental Retirement Plan (the "Plan") is an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(2)(A) and is subject to the coverage of ERISA pursuant to Section 4(a) of ERISA, § 29 U.S.C. 1003(a). See Plan, attached as Exhibit A.

5.	WPI, a Virginia corporation, is the administrator and sponsor of the Plan. See, Exhibit A Article VIII.

6.	WPI had its principle place of business in Wintergreen (or Nellysford), Virginia 22958.

7.	Justice is a Delaware corporation with its place of business at 302 South Jefferson Street Suite 600, Roanoke, VA 24011.

8.	WPI and Justice entered an Agreement of Merger dated May 23, 2012. See Agreement of Merger, attached as Exhibit B.

9.	Mr. Ashton is a former employee of WPI and is a beneficiary under the Plan.

## FACTS

10.	WPI designed the Plan to be an unfunded plan maintained primarily for the purpose of providing deferred compensation for a key manager or highly

compensated employee as described in ERISA. See Exhibit A ¶ 10.12. Such plans are commonly referred to as "top hat" plans and are subject to the enforcement provisions of ERISA.

11. WPI adopted the Plan and made it effective as to Mr. Ashton on August 8, 2003 in order to retain Mr. Ashton's services as an employee and to provide additional supplemental income to him upon his retirement. Id. at p. 1.

12. Pursuant to the Plan, Mr. Ashton was entitled to a yearly benefit of One Hundred Thousand Dollars ($100,000.00) to be paid in monthly installments for one hundred and eighty (180) months upon his reaching retirement at age 65. Id. at ¶ 3.1.

13. The Plan provides that Mr. Ashton would be fully vested in his Supplemental Retirement Benefits upon his normal retirement date or the occurrence of "Change of Control." Id. at ¶ 5.1.

14. The merger of WPI and Justice constituted a "Change of Control." Id. at ¶ 1.6.

15. Upon a "Change of Control," the Plan required WPI to establish and deposit into a "Rabbi Trust" the actuarially determined present value of Mr. Ashton's supplemental retirement benefits as of the effective date of a "Change of Control." Id. at ¶ 7.3. In the alternative, WPI could obtain a written and binding obligation from the party that would exercise effective control following the Change of Control that it would assume WPI's obligation to Mr. Ashton. Id.

16. The Plan indicates that WPI's obligation to Mr. Ashton would be binding on WPI's successors and assigns. Id. at ¶ 10.7.

17. The Agreement of Merger between WPI and Justice provides that Justice expressly assumed the obligation to pay Mr. Ashton or would require WPI to honor the terms of the Plan. See, Exhibit B.

18. Mr. Ashton left employment with WPI in 1998, and, pursuant to the terms of the Plan and the Agreement of Merger, Justice acknowledged the obligation to pay the Supplemental Retirement Benefits to Mr. Ashton upon his attaining retirement age. When Mr. Ashton reached the age of 65, Justice began making the monthly benefit payment.

19. Mr. Ashton received his first payment of the 180 monthly payments due him from the Justice Companies on June 5, 2016, and he continued to receive payments on or about the 5th of each month through April, 2017.

20. Beginning in May 2017, the payments have been unpredictable or non-existent.

21. Mr. Ashton received the May 2017 payment in late July and the June 2017 payment in early August.

22. Justice and WPI failed to make any payment under the Plan for the months of July, August, September, October, November and December 2017.

## **VIOLATIONS**

23. Justice and WPI have breached their obligations to pay Mr. Ashton benefits under the Plan.

24. Justice and WPI have anticipatorily breached their obligation to pay Mr. Ashton a stream of benefits such that Mr. Ashton is entitled to the entire stream of benefits in a lump sum.

25. Mr. Ashton is entitled to recover benefits due to him under the terms of the Plan and to enforce his rights under the terms of the plan pursuant to 29 U.S.C. § 1132(a)(1)(B).

26. Mr. Ashton is entitled to obtain other appropriate equitable relief to redress the violations and to enforce the terms of the Plan pursuant to 29 U.S.C. § 1132(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ashton prays that this Court enter an Order:

A. Requiring Justice and WPI to pay all benefits owed under the Plan;

B. Finding that Justice and WPI have anticipatorily breached obligations imposed by the Plan and requiring them to pay all future amounts owed under the Plan or, in the alternative, requiring specific performance of the Plan such that Justice and WPI are ordered to pay all benefits under the Plan in full and promptly as the Plan requires;

C. Awarding Mr. Ashton his costs, interest and attorney's fees incurred in pursuing this matter; and

D. Ordering such further relief as is appropriate and just.

Respectfully Submitted,

**ROBERT S. ASHTON**

By  /s/ G. Edgar Dawson, III
         Counsel

G. Edgar Dawson, III (VSB # 21666)
edawson@pldrlaw.com
Amy Miles Kowalski (VSB # 38688)
akowalski@pldrlaw.com
Petty, Livingston, Dawson & Richards, P.C.
PO Box 1080
Lynchburg VA 24505
434-846-2768 telephone
434-847-0141 facsimile